**J. H. Hoff, Appellant, v. H. W. Leneerman, Appellee.**

1. CONTRACTS—*when in restraint of trade valid.* A contract in partial restraint of trade, if reasonable as to time, place and terms, is not in violation of public policy and is valid and binding.

2. CONTRACTS—*when void for uncertainty.* A contract in partial restraint of trade is void for uncertainty if its terms are so indefinite as to make it impossible to determine with certainty whether the restriction provided by the contract is reasonable as to place or whether or not the same has been violated.

Assumpsit. Appeal from the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

A. L. PHILLIPS, for appellant.

SCHNEIDER & SCHNEIDER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit brought by appellant against appellee for the recovery of the sum of $500 liquidated damages for the violation of a written contract.

The declaration avers in substance that on March 1, 1904, the defendant sold to the plaintiff an undivided one-half interest in a certain threshing machine, engine and corn sheller, and that as part consideration of such sale, the defendant entered into a written agreement with the plaintiff whereby he, the defendant, agreed that he would not "run or have any inter-

est in any engine, threshing machine or corn sheller for a term of three years from date in the territory contiguous to Guthrie, Illinois," and that for a failure to perform such obligation, the defendant agreed to pay to the plaintiff the sum of $500 as fixed and settled damages; that the defendant did in the territory contiguous to Guthrie, Illinois, run a corn sheller within three years after the first day of March, 1904, whereby he became liable to pay to the plaintiff said sum of $500, etc.

A demurrer was sustained to said declaration, and upon the plaintiff's electing to abide thereby, judgment was entered against him in bar of the action and for costs, to reverse which this appeal is prayed.

We are of opinion that the action of the trial court was proper. It is well-settled that contracts in partial restraint of trade, if reasonable as to time, place and terms are not in violation of public policy and are valid and binding. Southern Fire Brick Co. v. Sand Co., 223 Ill. 622. By the terms of the present contract appellee agreed not to run a corn sheller "in the territory contiguous to Guthrie, Illinois." The word contiguous is defined as "adjacent, in actual contact, touching, near." Am. & Eng. Enc. Law, Vol. 7, 79.

It is obvious that the word when employed as descriptive of territory, renders the extent or scope intended to be included thereby so indefinite as to make it impossible to determine with certainty whether the restriction provided by the contract is reasonable as to place, or whether or not appellee had violated the same. For this reason we are constrained to hold that the contract is void for uncertainty, and incapable of enforcement.

The judgment of the Circuit Court will accordingly be affirmed.

*Affirmed.*